UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD BAUSANO,

                                  Plaintiff,         Case # 16-CV-6544

v.                                                            DECISION AND ORDER

ANTHONY ANNUCCI, et al.,

                                  Defendant.
_____

## INTRODUCTION

On May 6, 2020, Defendants Gregory Saj and Daniel Kerr were awarded summary judgement against *pro se* Plaintiff Richard Bausano. ECF No. 96. Defendants subsequently filed a Bill of Costs to obtain $1,699.93 for Plaintiff's deposition transcript. ECF No. 98. On May 13, 2020, Plaintiff filed a timely opposition to the Bill of Costs. ECF No. 99. For the following reasons, the Court grants Defendants' Bill of Costs.

## DISCUSSION

The Court may award costs in accordance with the Federal Rules of Civil Procedure 54(d). Under this rule, costs other than attorney's fees may be awarded to the prevailing party "unless a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d). The Court is permitted to "tax as costs" several fees, including "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The award of such costs against the losing party is generally the rule, not the exception. *Nicholson v. Fischer*, No. 13-CV-6072-FPG, 2018 WL 6616333 at *1 (quoting *McGowan v. Shuck*, No. 12-CV-6557-FPG, 2018 WL 6011166, at *1) The burden falls to the losing party to demonstrate that costs should not be imposed and the only grounds for denying costs are misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources.

1

*Id.* (quoting *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 136 S. Ct. 627 (2016)).

Plaintiff contends that he should not be compelled to pay the transcript costs, which were derived from Plaintiff's deposition. However, Plaintiff may not "dispute that his testimony was 'necessarily obtained for the use in the case,' since it was submitted as part of Defendants' motion for summary judgement and cited by this court in its decision and order granting summary judgement motion." *Hassan v. City of Ithaca*, No. 6:11-CV-06535 (MAT), 2016 WL 4430604, at *1 (W.D.N.Y. Aug. 20, 2016).

In addition, Plaintiff does not explicitly state the grounds upon which he is objecting to the Bill of Costs. Plaintiff does not argue that the public importance of the case or difficulty of the issues compels denial of the Bill of Cost. The only objection Defendant arguably raises relates to the misconduct of the prevailing party. The Court will consider the objection on that ground.

In his objection, Plaintiff alleges multiple instances of misconduct that were the focus of the underlying facts of this case, such as retaliation and violation of constitutional and religious rights. ECF No. 99. However, this alleged misconduct occurred *before* the litigation commenced. To receive relief from a Bill of Costs on the grounds of misconduct during the trial, Plaintiff must show that there was misconduct during the pendency of the case. *Hassan*, 2016 WL 4430604, at *2. The Court finds that Plaintiff has not carried his burden of proof to show costs should not be imposed.

Though it is not specifically addressed in the objection, the Court will also address the inability of the losing party to pay based on Plaintiff's limited financial resources. The Court finds this relevant as Plaintiff has been proceeding *in forma pauperis* ("IFP"). The IFP statute, 28 U.S.C. § 1915, expressly provides "for awarding costs at the conclusion of the suit or action as in other

cases." *McGowan* 2018 WL 6011166, at *2 (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). Simply proceeding IFP is an "unpersuasive" argument to attack a Bill of Costs. *Id*. Outside of the designation of IFP, Plaintiff has provided no evidence to the Court to demonstrate his inability to pay the Bill of Costs.

For the reasons stated, the Court finds Plaintiff has not carried his burden of proof to show that costs should not be imposed.

## CONCLUSION

Defendants' Bill of Costs (ECF No. 98) is GRANTED and Defendants are awarded $1,699.93 in costs. The Clerk of Court is directed to amend the judgment entered in this case to include the sum stated in the Bill of Costs.

IT IS SO ORDERED.

Dated: June 23, 2020
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court